IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

VICTORIA CURRY and MARIE
CURRY, As Parent of Victoria Curry,
and Individually,                                                                          PLAINTIFFS,

VS.                                                                 CIVIL ACTION NO. 4:06CV45-P-B

SHAW SCHOOL DISTRICT, ET AL.,                                                    DEFENDANTS.

## ORDER

This matter comes before the court upon Defendants' Motion to Dismiss or in the Alternative for Partial Summary Judgment [15-1]. After due consideration of the motion and the responses filed thereto, the court finds as follows, to-wit:

With regard to converting a Fed. R. Civ. P. 12(b)(6) motion into a motion for summary judgment, Rule 12(b) provides in pertinent part that:

> If, on a motion asserting the defense numbered (6) to dismiss for failure of the pleading to state a claim upon which relief can be granted, matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56.

"[F]ederal courts have complete discretion to determine whether or not to accept the submission of any material beyond the pleadings that is offered in conjunction with a Rule 12(b)(6) motion and rely on it, thereby converting the motion, or to reject it or simply not consider it. Numerous cases have recognized this authority." 5C Fed. Prac. & Proc. Civ.3d § 1366 (citing *e.g.*, *Isquith v. Middle South Utils., Inc.*, 847 F.2d 146, 193 n.3 (5th Cir. 1988), *cert. denied* 488 U.S. 926).

The plaintiffs attached two excerpts from the transcripts of the October 20, 2004 and

November 28, 2005 Individuals with Disabilities Education Act due process hearings to their response to the defendants' motion to dismiss. These exhibits were not attached to their Complaint and are thus matters outside the pleadings. However, the court will not consider those exhibits in rendering its opinion on the defendants' motion to dismiss. Therefore, the court declines to convert the defendants' motion to dismiss into one for partial summary judgment.

In deciding a motion to dismiss under Rule 12(b)(6) the district court accepts as true those well-pleaded factual allegations in the complaint. *C.C. Port, Ltd. v. Davis-Penn Mortgage Co.*, 61 F.3d 288, 289 (5th Cir.1995). Taking the facts alleged in the complaint as true, "if it appears certain that the plaintiff cannot prove any set of facts that would entitle it to the relief it seeks," dismissal is proper. *Id.* It must appear beyond doubt that the plaintiff "can prove no set of facts in support of his claim which would entitle him to relief."*Campbell v. City of San Antonio*, 43 F.3d 973, 975 (5th Cir.1995). The complaint must be liberally construed, with all reasonable inferences drawn in the light most favorable to the plaintiff. *Sloan v. Sharp*, 157 F.3d 980, 982 (5th Cir.1998). "However, we will not strain to find inferences favorable to the plaintiff[]." *Southland Securities Corp. v. INSpire Ins. Solutions, Inc.*, 365 F.3d 353, 361 (5th Cir.2004).

The plaintiffs have asserted three causes of action against the defendants: (1) an appeal of the due process hearing officer's January 31, 2006 conclusion that the Shaw School District did not violate Victoria Curry's right to a Free and Appropriate Public Education (FAPE) via an Individualized Education Plan (IEP) as required by the Individuals with Disabilities Education Act (IDEA), § 20 U.S.C. § 1400 *et seq.*; (2) relief under § 504 of the Rehabilitation Act, 29 U.S.C. § 794; and (3) relief under 42 U.S.C. § 1983.

The defendants move to dismiss under Rule 12(b)(6) the § 504 and § 1983 claims for failure

to state a claim on three bases: (1) the § 504 and § 1983 claims are barred pursuant to the doctrine of collateral estoppel, or issue preclusion since the grounds therefor were already raised and decided by the hearing officer; (2) the complaint fails to state a claim under § 1983 because the complaint did not allege facts with specificity as required in the Fifth Circuit; and (3) the individual defendants are entitled to qualified immunity on the § 504 and § 1983 claims.

With regard to the collateral estoppel argument, the defendants rely heavily upon *Pace v. Bogalusa City School Board*, 403 F.3d 272 (5th Cir. 2005). In *Pace*, a physically and developmentally disabled student brought claims under the IDEA for failure to make his high school campus accessible to wheelchairs and deficiencies in Pace's individualized education programs (IEPs). After having his claims denied in a due process hearing and separate complaint with the Office for Civil Rights of the Department of Education, Pace filed suit in federal court seeking damages and injunctive relief not only for the violations of the IDEA, but also the Americans with Disabilities Act, § 504 of the Rehabilitation Act, and § 1983. After the district court bifurcated the IDEA and non-IDEA claims, it affirmed the administrative denial of the IDEA claims after a *de novo* review of the administrative record and additional evidence submitted by the parties. The district court then granted summary judgment concluding that the factual grounds for the non-IDEA claims were indistinct from the IDEA claims, thereby rendering the non-IDEA claims collaterally estopped.

In *Pace*, the Fifth Circuit wrote: "Issue preclusion or collateral estoppel is appropriate when: (1) the identical issue was previously adjudicated; (2) the issue was actually litigated; and (3) the previous determination was necessary to the decision." *Pace*, 403 F.3d at 290. Furthermore, "relitigation of an issue is not precluded unless the facts and the legal standard used to assess them are the same in both proceedings." *Id*. (internal citation omitted). "Issues of fact are not 'identical'

3

or 'the same,' and therefore not preclusive, if the legal standards governing their resolution are 'significantly different.'" *Id*. (internal citation omitted).

The Court in *Pace* affirmed the district court's conclusion that the § 504 and ADA claims were redundant and therefore precluded by collateral estoppel. However, this conclusion rested on the Court's observation that the standards for making a school campus wheelchair accessible were substantially identical between the IDEA, § 504 of the Rehabilitation Act, and the ADA. Wheelchair accessibility is not at issue in the instant case. Moreover, the district court in *Pace* did not decide the collateral estoppel issue until after it heard the plaintiff's appeal of the hearing officer's decision in the IDEA due process hearings and additional evidence.[1] Thus, this court concludes that the issue of collateral estoppel is premature at this early stage in the instant litigation. In any event, the defendants did not establish that the legal standards governing the resolution of the plaintiffs' IDEA appeal and their claims under § 504 and § 1983 are not "significantly different."

With regard to the defendants' second argument that the complaint fails to state a claim under § 1983 because it did not allege facts with specificity as required in the Fifth Circuit, such a heightened-pleading requirement was soundly rejected by the U.S. Supreme Court in *Leatherman v. Tarrant County Narcotics Intelligence Incorporation Unit*, 507 U.S. 163, 168 (1993). Since U.S. Supreme Court authority is the law of the land, it is of no import that a district court in the Fifth Circuit has held that a heightened pleading standard applies to § 1983 actions after the *Leatherman* case.

---

[1] "A district court in which such an [appeal under the IDEA] is filed must receive the record generated by the administrative proceeding and also hear additional evidence presented by the parties. The court must then give 'due weight' to the hearing officer's finding and make a de novo determination based on the preponderance of the evidence." *Pace*, 403 F.3d at 289.

The court now turns to the defendants' qualified immunity defense.

Section 1983 provides a cause of action for individuals who have been "depriv[ed] of any rights, privileges, or immunities secured by the Constitution and laws" of the United States by a person or entity acting under color of state law. 42 U.S.C. § 1983. The plaintiffs in the instant case claim via § 1983 that the individual defendants violated Victoria's rights under the IDEA and § 504 of the Rehabilitation Act.

The defendants argue that they are entitled to the defense of qualified immunity since the complaint does not allege with specificity what the defendants did wrong in their individual capacities and, even if they did violate Victoria's federal rights, such actions were "objectively reasonable."

When "evaluating § 1983 claims based on allegedly unconstitutional conduct by state actors [courts] should conduct a two-prong inquiry to determine whether the state actors are entitled to qualified immunity. 'The first inquiry must be whether a constitutional right would have been violated on the facts alleged.' 'If a violation could be made out on a favorable view of the parties' submissions, the next sequential step is to ask whether the right was clearly established.' Ultimately, a state actor is entitled to qualified immunity if his or her conduct was objectively reasonable in light of the legal rules that were clearly established at the time of his or her actions. *McClendon v. City of Columbia*, 305 F.3d 314, 322-23 (5th Cir. 2002)(quoting *Siegert v. Gilley*, 500 U.S. 226, 232-34 (1991); *Saucier v. Katz*, 533 U.S. 194, 200 (2001); *Wilson v. Layne*, 526 U.S. 603, 614 (1999)).

Qualified immunity is an "*immunity from suit* rather than a mere defense to liability." *Michell v. Forsyth*, 472 U.S. 511, 526 (1985) (emphasis in original). Thus, "the defense is intended to give government officials a right not merely to avoid standing trial, but also to avoid the burdens of such

5

pretrial matters as discovery ... as [i]nquiries of this kind can be peculiarly disruptive of effective government." *McClendon*, 305 F.3d at 323 (internal citations omitted) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 817 (1982)). Therefore, "adjudication of qualified immunity claims should occur 'at the earliest possible stage in litigation.'" *Id*. (quoting *Hunter v. Bryant*, 502 U.S. 224, 227 (1991)). At a stage earlier than summary judgment, "it is the defendant's conduct as alleged in the complaint that is scrutinized for 'objective reasonableness.' On summary judgment, however, the plaintiff can no longer rest on the pleadings ... and the court looks to the evidence before it (in the light most favorable to the plaintiff) when conducting the *Harlow* inquiry." *Behrens v. Pelletier*, 516 U.S. 299, 309 (1996).

"When a defendant invokes qualified immunity, the burden is on the plaintiff to demonstrate the inapplicability of the defense." *McClendon*, 305 F.3d at 323. In order to get to the two-prong test for overcoming the defense of qualified immunity, "Plaintiffs suing governmental officials in their individual capacities ... must allege specific conduct giving rise to a constitutional violation. This standard requires more than conclusional assertions: The plaintiff must allege specific facts giving rise to a constitutional violation." *Oliver v. Scott*, 276 F.3d 736, 741 (5th Cir. 2002). Having reviewed the Complaint and all of the exhibits attached thereto, as well as the plaintiffs' response to the instant motion to dismiss, the court concludes that the plaintiffs have not met their burden in demonstrating the inapplicability of the qualified immunity defense with respect to the § 1983 claims on the part of Defendants Charles Barron, Mario Kirksey, and John Sullivan in their individual capacities since there is virtually no specific allegations regarding personal conduct by Barron, Kirksey, and Sullivan other than conclusory allegations.

**IT IS THEREFORE ORDERED AND ADJUDGED** that:

(1) Defendants' Motion to Dismiss or in the Alternative for Partial Summary Judgment [15-1] is **GRANTED IN PART AND DENIED IN PART**; specifically,

(2) The motion is granted insofar as the plaintiffs' § 1983 claims against Defendants Charles Barron, Mario Kirksey, and John Sullivan in their individual capacities are **DISMISSED WITH PREJUDICE**;

(3) The motion is denied insofar as it seeks to dismiss the § 1983 and § 504 of the Rehabilitation Act claims against all the defendants in their official capacities; therefore,

(4) The plaintiffs' claims under the IDEA, § 504, and § 1983 remain with regard to Defendant Shaw School District and the individual defendants in their official capacities.

**SO ORDERED** this the 27th day of February, A.D., 2007.

/s/ W. Allen Pepper, Jr.
W. ALLEN PEPPER, JR.
UNITED STATES DISTRICT JUDGE